IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE C.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 50081 |
| v. | ) | |
| | ) | Magistrate Judge |
| MARTIN O'MALLEY,[2] | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kyle C.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 21] is granted in part and denied in part.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.

# BACKGROUND

## I. PROCEDURAL HISTORY

On March 25, 2021, Plaintiff filed an application for SSI, alleging disability since December 20, 2019. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 12, 2022. Plaintiff personally appeared and testified at the hearing+

On November 8, 2022, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of March 25, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease ("COPD")/asthma; depression/bipolar disorder; anxiety; post-traumatic stress disorder ("PTSD"); substance abuse disorder; drug induced mood disorder; and dependent personality disorder. The ALJ concluded at

2

step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform medium work with the following additional limitations: frequent climbing of ladders, ropes, or scaffolds; frequent crawling; avoiding concentrated exposure to humidity, temperature extremes, and pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; performing simple, routine tasks in a low-stress work environment away from the public and with occasional interaction with supervisors or coworkers; and never performing hourly production quotas.

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

I.    **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is

the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478

4

F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

5

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that she did not conduct a fair and impartial hearing, and she improperly cherry-picked evidence in the record when analyzing Plaintiff's mental RFC.

Plaintiff first contends that at the hearing, the ALJ unnecessarily focused on his pending DUI charge rather than exploring his mental health impairments. The

6

Court agrees that the hearing was abnormally hostile, and the ALJ seemed uninterested in getting to the substance of Plaintiff's impairments, preferring to sarcastically badger Plaintiff about his testimony, even when his responses were consistent and directly related to the questions he was asked. What is worse, in forming her RFC finding, the ALJ apparently disregarded the entirety of Plaintiff's testimony about his anxiety, agoraphobia, and extreme difficulty performing even simple tasks at home. The ALJ's reliance on evidence that Plaintiff is able to prepare meals, do laundry, and drive is wholly inconsistent with his testimony that he rarely engages in those activities. Similarly, the ALJ's conclusion that Plaintiff taking a "summer vacation in Wisconsin" was evidence that his mental health had stabilized borders on the comical. Plaintiff testified that he was essentially forced by his family to go on the vacation, as they would not leave him alone at home, and on the vacation, he did not leave the room except for meals.

Furthermore, even if the ALJ correctly characterized the activities Plaintiff can take part in, including "being able to take medical rides, prepare meals for himself on occasion, and wash his clothes sometimes"; "regularly visit[ing] his grandmother . . . [and] a fireworks retailer"; "driving and playing video games"; as well as the aforementioned family vacation to the Wisconsin Dells, (R. 26, 30), she does not explain how these discrete activities, rarely engaged in, equate to the mental ability to engage in full-time competitive employment. *See Jeske v. Saul*, 955 F.3d 583, 592 (7th Cir. 2020); *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). The ALJ's apparent bias against Plaintiff also infected her analysis of his mental

7

health impairments, specifically her consideration of the "Section B" criteria, where her recitations of the evidence were not consistent with the testimony and record.

Considering the ALJ's behavior at the hearing and the flawed analysis in her RFC determination, the Court does not believe the ALJ was wholly impartial when evaluating Plaintiff's allegations of disabling mental and physical conditions, and thus remand is necessary. On remand, the ALJ must fully consider Plaintiff's claims and explain her reasoning if she does not believe they warrant a finding of disability. Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes, however, that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's pulmonary impairments are fully evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 21] is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**     **ENTERED:**

*Maria Valdez*

**DATE:    October 23, 2024**     _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

8